Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT   Document 14-1   Filed 06/10/21   Page 1 of 38

**STATE OF RHODE ISLAND**                                 **SUPERIOR COURT**
**PROVIDENCE, SC.**

| | | |
|---|---|---|
| **JEFFERY T. JOHNSTON, BOTH** | : | |
| **INDIVIDUALLY AND DERIVATELY** | : | |
| **ON BEHALF OF TURF** | : | |
| **TECHNOLOGIES, INC.** | : | |
| *Plaintiffs* | : | |
| | : | |
| **v.** | : | **C.A. No: PC-2021-_____** |
| | : | |
| **SUPREME CAP SOURCE LLC,** | : | |
| **BREAKOUT CAPITAL, LLC,** | : | |
| **TVT FUNDING, LLC,** | : | |
| **CAYMUS FUNDING INC.,** | : | |
| **SLATE ADVANCE LLC,** | : | |
| **VOX FUNDING, LLC,** | : | |
| **ZAHAV ASSET MANAGEMENT LLC,** | : | |
| **IOU CENTRAL INC.,** | : | |
| **PGI FUNDING LLC,** | : | |
| **TIGER CAPITAL GROUP LLC,** | : | |
| **GREEN FUND NY, INC.,** | : | |
| **OVERNIGHT CAPITAL LLC,** | : | |
| **AJ EQUITY GROUP LLC, AND** | : | |
| **PANTHERS CAPITAL LLC,** | : | |
| (Collectively, "MCA DEFENDANTS"), | : | |
| and JANE and JOHN DOES 1-20, | : | |
| individually and as owners, officers, | : | |
| directors, shareholders, founders, managers, | : | |
| members, agents, servants, employees, | : | |
| representatives and/or independent | : | |
| contractors of MCA DEFENDANTS, | : | |
| XYZ CORPORATIONS 1-20, and | : | |
| JONATHAN M. MCGLOIN, | : | |
| INDIVIDUALLY. | : | |
| *Defendants* | : | |

1

**EXHIBIT A**

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT   Document 14-1   Filed 06/10/21   Page 2 of 38

## VERIFIED COMPLAINT

### INTRODUCTION

Defendant, Jonathan McGloin entered into multiple loan agreements with various merchant cash advance companies ("MCA Defendants") without the knowledge and consent of the Plaintiffs, namely Jeffrey Johnston and Turf Technologies, Inc. Notwithstanding the lack of consent to bind Mr. Johnston and Turf Technologies, the terms with said MCA Defendants are unconscionable, usurious, and fraught with fraudulent business practices, including misrepresentations, illicit tactics to trick banks to debit accounts through automatic clearing house ("ACH") transactions, leveraging confession of judgments procured at closing and enforcing UCC-1 liens without judicial intervention. In short, MCA Defendants are in the business of predatory lending and illicit collection practices through masking loans as purchases of accounts receivable, enabling the charge of usurious interest rates in violation of R.I. Gen. Laws §6-26-1 et seq. Moreover, these MCA Defendants, in concert with each other, entities, individuals, and third parties, typically double down on their abuse by threatening destruction of the borrowers and, in some instances, have threatened physical harm.

### PARTIES

1. Plaintiff Turf Technologies, Inc. ("Turf Tech" or "Company") is a corporation duly organized and existing under the laws of Massachusetts and operates its place of business at 77 Industrial Drive, Uxbridge, Massachusetts 01569. The Company is licensed to do business in the State of Rhode Island and in fact conducts business within the State of Rhode Island.

2. Plaintiff Jeffery T. Johnston ("Mr. Johnston") is a domiciled resident of Uxbridge, Massachusetts.

3. Defendant Supreme Cap Source LLC ("Supreme") is a New Jersey limited liability company with its principal place of business at 3611 14th Avenue, Brooklyn, New York 11218.

4. Defendant Breakout Capital, LLC ("Breakout") is a Delaware limited liability company with its principal place of business at 6862 Elm Street, 3rd Floor, McLean, Virginia 22101.

5. Defendant TVT Funding, LLC, ("TVT") is a New York limited liability company with its principal place of business at 90 Broad Street, Suite 16, New York, NY 10004.

6. Defendant Caymus Funding Inc., ("Caymus") is a Georgia corporation with its principal place of business at 3550 George Busbee Parkway NW, Suite 225, Kennesaw, Georgia 30144.

7. Defendant Slate Advance LLC ("Slate") is a New Jersey limited liability company with its principal place of business as 15 America Avenue, Suite 3, Lakewood, New Jersey, 08701.

8. Defendant Vox Funding, LLC, ("Vox") is a Delaware limited liability company with its principal place of business at 14 E. 44th Street, 4th Floor, New York, NY 10017.

9. Defendant Zahav Asset Management LLC, ("Zahav") is a New York limited liability company with its principal place of business at 234 Cedarhurst Avenue, Apartment 21B, Cedarhurst, New York 11516.

10. Defendant IOU Central Inc., ("IOU") is a Delaware corporation with its principal place of business at 600 TownPark Lane, Suite 100, Kennesaw, Georgia 30144.

11. Defendant PGI Funding LLC, ("PGI") is an inactive Florida limited liability company with its principal place of business at 160 Pearl Street, Suite 604, New York, NY 10005.

12. Defendant Tiger Capital Group LLC, ("Tiger") is a New York limited liability company with its principal place of business at 138-15 77th Avenue, Flushing, New York, 11367.

13. Defendant Green Funding of NY, Inc., ("Green Fund") is a New York corporation with its principal place of business at 1236 Avenue S, Brooklyn, New York 11229.

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT   Document 14-1   Filed 06/10/21   Page 4 of 38

14. Defendant Overnight Capital LLC, ("Overnight") is a New York Limited Liability Company with its principal place of business at 124-17 Metropolitan Avenue, Jamaica, New York 11415.

15. Defendant AJ Equity Group LLC, ("AJ Equity") is a New York Limited Liability Company with its principal place of business at 1648 61 Street, Brooklyn, New York, 11204.

16. Defendant Panthers Capital LLC, ("Panthers") is a New York Limited Liability Company with its principal place of business at 185 Carrier Street, Liberty, New York 12754.

17. Defendant Jonathan M. McGloin ("Defendant McGloin") is a domiciled resident of Scituate, Rhode Island.

18. Supreme, Breakout, TVT, Caymus, Slate, Vox, Zahav, IOU, PGI, Tiger, Green Fund, Overnight, AJ Equity, and Panthers, (collectively hereinafter referred to as MCA Defendants) employ, contract with, and/or act through and in concert with a web of third parties, including entities and/or individuals described as funders, independent sales organizations and/or sales representatives (collectively, "Third Parties"), in its transactions with Defendant McGloin.

19. Upon information and belief, Jane and John Does 1 through 20 are fictitious individuals meant to represent the owners, officers, directors, shareholders, founders, managers, members, agents, servants, employees, representatives, and/or independent contractors of Supreme, Breakout, TVT, Caymus, Slate, Vox, Zahav, IOU, PGI, Tiger, Green Fund, Overnight, AJ Equity, and Panthers, and whoever else who have been involved in the conduct that gives rise to this Complaint, but are heretofore unknown to the Plaintiffs. As these defendants are identified, Plaintiffs shall amend this Complaint to include them.

20. Upon information and belief, XYZ Corporations 1-20 are fictitious entities meant to represent any additional entities that have been involved in the conduct that gives rise to this complaint,

4

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT    Document 14-1    Filed 06/10/21    Page 5 of 38

but are heretofore unknown to the Plaintiffs. As these defendants are identified, Plaintiffs shall amend this Complaint to include them.

## JURISDICTION

21. This Court has jurisdiction of this matter pursuant to R.I. Gen. Laws 1956 §§ 8-2-13 and 8-2-14, and the Rhode Island Declaratory Judgments Act, R.I. General Laws § 9-30-1 et seq.

22. Venue is appropriate pursuant to R.I. Gen. Laws 1956 § 9-4-3.

23. Defendants have sufficient minimum contacts with the State of Rhode Island for this Honorable Court to exercise personal jurisdiction over them pursuant to R.I. Gen. Laws 1956 § 9-5-33.

## STATEMENT OF FACTS

24. The Plaintiff Turf Tech is engaged in the business of performing landscaping services in the states of Rhode Island and Massachusetts.

25. Mr. Johnston is a fifty (50%) percent shareholder of the Company. The remaining fifty (50%) of shares are held by Defendant McGloin.

26. Upon information and belief, Defendant McGloin opened three bank accounts at Bank of America N.A. under the name of Turf Technologies, Inc., without the knowledge and consent of Mr. Johnston and Turf Tech.

27. Upon information and belief, Defendant McGloin opened an account at Rockville Bank under the name of Turf Technologies, Inc., without the knowledge and consent of Mr. Johnston and Turf Tech.

28. Upon information and belief, Defendant McGloin listed other bank accounts as secondary account sources for the sole purpose to borrow funds from the MCA Defendants without the knowledge and consent of Mr. Johnston and Turf Tech.

29.  In 2020 and 2021, Defendant McGloin entered into a total of no less than fourteen agreements with said MCA Defendants ("Agreements").

30. MCA Defendants are in the business of predatory lending and illicit collection practices through masking loans as purchases of accounts receivable, enabling the charge of usurious interest rates in violation of R.I. Gen. Laws §6-26-1 et seq.

31. Defendant McGloin entered into the Agreements without the knowledge and consent of Mr. Johnston and the Company.

32. Defendant McGloin was not provided authority to enter into any of the Agreements via a shareholder consent vote.

33. The officers, directors, and shareholders of the Company did not hold a meeting to discuss Defendant McGloin's purported authority to enter into these Agreements.

34. The officers, directors, and shareholders of the Company did not vote at a meeting to grant Defendant McGloin authority to enter into these Agreements.

35. Defendant McGloin inserted Mr. Johnston's electronic signature on each of the Agreements without authority from Mr. Johnston.

36. Purportedly on behalf of the Company, Defendant McGloin entered into said Agreements as follows:

[Please find table on next page.]

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT   Document 14-1   Filed 06/10/21   Page 7 of 38

| MCA Defendants | Funds Received | Total Repayment Amount | Daily Installment | Interest Rate |
|---|---|---|---|---|
| Caymus Funding, Inc | 125,000.00 | 177,500.00 | 1,056.00 | 160% |
| AJ Equity Group,LLC | 150,000.00 | 224,850.00 | 7,495.00 | 1022% |
| Panthers Capital, LLC | 100,000.00 | 149,900.00 | 3,747.00 | 771% |
| Green Fund NY, Inc. | 125,000.00 | 187,375.00 | 3,199.00 | 530% |
| Overnight Capital, LLC | 140,000.00 | 209,860.00 | 3,815.00 | 563% |
| Breakout ,LLC. | 250,000.00 | 357,500.00 | 1,418.65 | 109% |
| PGI Funding, LLC | 150,000.00 | 213,000.00 | 3,550.00 | 445% |
| Vox Funding, LLC | 300,000.00 | 420,000.00 | 2,400.00 | 147% |
| Tiger Capital, LLC | 525,000.00 | 761,250.00 | 11,711.00 | 435% |
| Slate Advance, LLC | 250,000.00 | 362,500.00 | 3,295.45 | 258% |
| Zahav Asset Mgt. LLC | 120,000.00 | 174,000.00 | 2,048.00 | 325% |
| TVT Funding, LLC | 360,000.00 | 504,000.00 | 2,800.00 | 143% |
| Supreme Capital Source,LLC | 150,000.00 | 209,850.00 | 2,176.22 | 262% |
| IOU Financial,Inc. | 250,000.00 | 280,000.00 | 1,293.91 | 37% |
| | 2,995,000.00 | 4,231,585.00 | 18,209.56 | |

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT   Document 14-1   Filed 06/10/21   Page 8 of 38

37. Supreme, Breakout, TVT, Caymus, Slate, Vox, Zahav, IOU, PGI, Tiger, Green Fund, Overnight, AJ Equity, and Panthers, purportedly advanced Defendant McGloin a total of $2,995,000.00 in exchange for $4,231,585.00 of the Company's accounts receivable. Interest rates range between 37% and 1022%, far surpassing the interest rate allowable under Rhode Island law at 21% per annum.

38. In addition to the three Bank of America N.A. accounts and the Rockville Bank account established by Defendant McGloin, Defendant McGloin provided the MCA Defendants secondary accounts, including the Company's operating account.

39. Mr. Johnston and the Company were unaware of the Agreements Defendant McGloin entered into until the MCA Defendants began to debit the Company's operating account.

40. Defendant McGloin personally used all the funds advanced.

41. At no time, directly or indirectly, did Mr. Johnston or the Company benefit from any of funds received by the MCA Defendants.

## COUNT I
## DECLARATORY JUDGMENT

42. Plaintiffs hereby incorporate and re-allege each preceding paragraph of this complaint as if the same were set forth in full herein.

43. Defendant McGloin entered into the Agreements without the knowledge and consent of Mr. Johnston and the Company.

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT   Document 14-1   Filed 06/10/21   Page 9 of 38

44. Defendant McGloin was not provided authority to enter into any of the Agreements via a shareholder consent vote.

45. The officers, directors, and shareholders of the Company did not hold a meeting to discuss Defendant McGloin's purported authority to enter into these Agreements.

46. The officers, directors, and shareholders of the Company did not vote at a meeting to grant Defendant McGloin authority to enter into these Agreements.

47. Defendant McGloin inserted Mr. Johnston's electronic signature on each of the Agreements without authority from Mr. Johnston in order to purportedly offer Johnston's personal guarantee for at least some of the Agreements.

48. Plaintiffs are entitled to judgment declaring that the Agreements are void as they were unauthorized and they violate Rhode Island's Interest and Usury laws, §6-26-1 et seq.

**WHEREFORE**, Plaintiffs demand that this Honorable Court:

(a) enter judgment that the Agreements were unauthorized, usurious and void;

(b) that Johnston's purported personal guarantee of any of the Agreements was unauthorized and is void; and

(c) award to Plaintiffs such other and further relief as this Court deems meet and just in the circumstances then prevailing.

**COUNT II**
**COMMON LAW CONVERSION**
**(Against Defendant McGloin)**

49. Plaintiffs hereby incorporate and re-allege each preceding paragraph of this complaint as if the same were set forth in full herein.

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT    Document 14-1    Filed 06/10/21    Page 10 of 38

50. The Company is the owner of accounts receivable obtained in consideration for its landscaping services rendered to its clients.

51. Defendant McGloin allegedly sold said Company accounts receivable to the MCA Defendants at a discount to personally obtain immediate funds from the MCA Defendants.

52. Defendant McGloin purportedly entered into transactions with MCA Defendants without the consent of Mr. Johnston and the Company.

53. Said purported sale of accounts receivable constitutes the exercise of dominion over the accounts receivable by Defendant McGloin, which is inconsistent with the Company's right to possession.

54. The aforementioned conduct was wanton, reckless, willful and illegal, so as to entitle the Plaintiff to punitive damages.

**WHEREFORE**, Plaintiff demands that this Honorable Court:

(a) enter judgment in favor of Plaintiff and against Defendant McGloin for compensatory damages in excess of Four Million Two Hundred Thirty-One Thousand Five Hundred Eighty-Five 00/100 Dollars $4,231,585.00 plus interest, costs, and attorney fees and expenses;

(b) enter judgment in favor of Plaintiff and against Defendant McGloin for punitive damages in excess of Four Million Two Hundred Thirty-One Thousand Five Hundred Eighty-Five 00/100 Dollars $4,231,585.00; and

(c) award to Plaintiff such other and further relief as this Court deems meet and just in the circumstances then prevailing.


**COUNT III**
**BREACH OF FIDUCIARY DUTY**
**(Against Defendant McGloin)**

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT    Document 14-1    Filed 06/10/21    Page 11 of 38

55. Plaintiffs hereby incorporate and re-allege each preceding paragraph of this complaint as if the same were set forth in full herein.

56. Pursuant to the relationship that existed between the Company and Defendant McGloin as a fifty (%50) shareholder, Defendant McGloin owed a fiduciary duty to the Company.

57. Defendant McGloin breached his fiduciary duty by misappropriating assets of the Company for his personal use.

58. As a result of Defendant McGloin's breach, the Company has suffered damages including, but not limited to, lost profits and lost business opportunities.

   **WHEREFORE,** Plaintiff demands that this Honorable Court:

(a) enter judgment in favor of Plaintiff and against Defendant McGloin for compensatory damages in excess of Four Million Two Hundred Thirty-One Thousand Five Hundred Eighty-Five 00/100 Dollars $4,231,585.00 plus interest, costs, and attorney fees and expenses;

(b) enter judgment in favor of Plaintiff and against Defendant McGloin for punitive damages in excess of Four Million Two Hundred Thirty-One Thousand Five Hundred Eighty-Five 00/100 Dollars $4,231,585.00; and

(c) award to Plaintiff such other and further relief as this Court deems meet and just in the circumstances then prevailing.

**COUNT IV**
**USURY UNDER RHODE ISLAND LAW**
**(Against Supreme)**

59. Plaintiffs hereby incorporate and re-allege each preceding paragraph of this complaint as if the same were set forth in full herein.

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT   Document 14-1   Filed 06/10/21   Page 12 of 38

60. Supreme included a New York choice of law provisions in the Agreement in an attempt to evade Rhode Island's Interest and Usury laws, §6-26-1 et seq., for Supreme's own benefit.

61. Supreme included a New York choice of law provisions in the Agreement, without first advising the Company in writing of the desirability of seeking and giving it a reasonable opportunity to seek the advice of independent legal counsel on the Agreement.

62. The New York choice of law provisions is not bona fide or enforceable because the choice of law provision is in place for the sole purpose of evading Rhode Island law.

63. Supreme's Agreement is a contract of adhesion; further, Supreme unilaterally drafted choice of law and forum selection provisions to apply law from a foreign jurisdiction to proceedings in an inconvenient forum.

64. Based on all of the foregoing, justice requires that the New York choice of law provisions in the Agreement be struck, as well as the waiver of jury trial, and Rhode Island law should apply.

65. Under the Agreements, Supreme reserved, charged, demanded, and took from the Company interest in excess of the maximum rate of interest in Rhode Island of 21% per annum, in violation of §6-26-2.

66. Supreme willfully and knowingly violated §6-26-2, and is guilty of criminal usury, pursuant to §6-26-3, liable to the Company under § 9-1-2, and are liable for punitive damages.

      **WHEREFORE**, Plaintiff demands that this Honorable Court:

(a) enter judgment that the Agreement is usurious and void;

(b) award money damages in the amount of Two Hundred Nine Thousand Eight Hundred Fifty 00/100 Dollars ($209,850.00);

(c) enter judgment that Supreme forfeit the entire interest and principal paid on the debt;

(d) that Plaintiff be awarded twice the amount of the interest so paid, plus interest, costs, attorney fees, and an award of punitive damages; and

(e) award to Plaintiff such other and further relief as this Court deems meet and just in the circumstances then prevailing.

## COUNT V
## USURY UNDER RHODE ISLAND LAW
### (Against Breakout)

67. Plaintiffs hereby incorporate and re-allege each preceding paragraph of this complaint as if the same were set forth in full herein.

68. Breakout included a Virginia choice of law provisions in the Agreement in an attempt to evade Rhode Island's Interest and Usury laws, §6-26-1 et seq., for Breakout's own benefit.

69. Breakout included a Virginia choice of law provisions in the Agreement, without first advising the Company in writing of the desirability of seeking and giving it a reasonable opportunity to seek the advice of independent legal counsel on the Agreement.

70. The Virginia choice of law provisions is not bona fide or enforceable because the choice of law provision is in place for the sole purpose of evading Rhode Island law.

71. Breakout's Agreement is a contract of adhesion; further, Breakout unilaterally drafted choice of law and forum selection provisions to apply law from a foreign jurisdiction to proceedings in an inconvenient forum.

72. Based on all of the foregoing, justice requires that the Virginia choice of law provisions in the Agreement be struck, as well as the waiver of jury trial, and Rhode Island law should apply.

73. Under the Agreements, Breakout reserved, charged, demanded, and took from the Company interest in excess of the maximum rate of interest in Rhode Island of 21% per annum, in violation of §6-26-2.

13

74. Breakout willfully and knowingly violated §6-26-2, and is guilty of criminal usury, pursuant to §6-26-3, liable to the Company under § 9-1-2, and are liable for punitive damages.

**WHEREFORE**, Plaintiff demands that this Honorable Court:

(a) enter judgment that the Agreement is usurious and void;

(b) award money damages in the amount of Three Hundred Fifty-Seven Thousand Five Hundred 00/100 Dollars ($357,500.00);

(c) enter judgment that Breakout forfeit the entire interest and principal paid on the debt;

(d) that Plaintiff be awarded twice the amount of the interest so paid, plus interest, costs, attorney fees, and an award of punitive damages; and

(e) award to Plaintiff such other and further relief as this Court deems meet and just in the circumstances then prevailing.

## COUNT VI
## USURY UNDER RHODE ISLAND LAW
### (Against Caymus)

75. Plaintiffs hereby incorporate and re-allege each preceding paragraph of this complaint as if the same were set forth in full herein.

76. Caymus included a Georgia choice of law provisions in the Agreement in an attempt to evade Rhode Island's Interest and Usury laws, §6-26-1 et seq., for Caymus' own benefit.

77. Caymus included a Georgia choice of law provisions in the Agreement, without first advising the Company in writing of the desirability of seeking and giving it a reasonable opportunity to seek the advice of independent legal counsel on the Agreement.

78. The Georgia choice of law provisions is not bona fide or enforceable because the choice of law provision is in place for the sole purpose of evading Rhode Island law.

14

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT    Document 14-1    Filed 06/10/21    Page 15 of 38

79. Caymus's Agreement is a contract of adhesion; further, Caymus unilaterally drafted choice of law and forum selection provisions to apply law from a foreign jurisdiction to proceedings in an inconvenient forum.

80. Based on all of the foregoing, justice requires that the Georgia choice of law provisions in the Agreement be struck, as well as the waiver of jury trial, and Rhode Island law should apply.

81. Under the Agreements, Caymus reserved, charged, demanded, and took from the Company interest in excess of the maximum rate of interest in Rhode Island of 21% per annum, in violation of §6-26-2.

82. Caymus willfully and knowingly violated §6-26-2, and is guilty of criminal usury, pursuant to §6-26-3, and liable to the Company under § 9-1-2, and consequently are liable for punitive damages.

**WHEREFORE**, Plaintiff demands that this Honorable Court:

(a) enter judgment that the Agreement is usurious and void;

(b) award money damages in the amount of One Hundred Seventy-Seven Thousand Five Hundred 00/100 Dollars ($177,500.00);

(c) enter judgment that Caymus forfeit the entire interest and principal paid on the debt;

(d) that Plaintiff be awarded twice the amount of the interest so paid, plus interest, costs, attorney fees, and an award of punitive damages; and

(e) award to Plaintiff such other and further relief as this Court deems meet and just in the circumstances then prevailing.

## COUNT VII
## USURY UNDER RHODE ISLAND LAW
### (Against IOU)

83. Plaintiffs hereby incorporate and re-allege each preceding paragraph of this complaint as if the same were set forth in full herein.

84. IOU included a Georgia choice of law provisions in the Agreement in an attempt to evade Rhode Island's Interest and Usury laws, §6-26-1 et seq., for IOU's own benefit.

85. IOU included a Georgia choice of law provisions in the Agreement, without first advising the Company in writing of the desirability of seeking and giving it a reasonable opportunity to seek the advice of independent legal counsel on the Agreement.

86. The Georgia choice of law provisions is not bona fide or enforceable because the choice of law provision is in place for the sole purpose of evading Rhode Island law.

87. IOU's Agreement is a contract of adhesion; further, IOU unilaterally drafted choice of law and forum selection provisions to apply law from a foreign jurisdiction to proceedings in an inconvenient forum.

88. Based on all of the foregoing, justice requires that the Georgia choice of law provisions in the Agreement be struck, as well as the waiver of jury trial, and Rhode Island law should apply.

89. Under the Agreements, IOU reserved, charged, demanded, and took from the Company interest in excess of the maximum rate of interest in Rhode Island of 21% per annum, in violation of §6-26-2.

90. IOU willfully and knowingly violated §6-26-2, and is guilty of criminal usury, pursuant to §6-26-3, and liable to the Company under § 9-1-2, and consequently are liable for punitive damages.

    **WHEREFORE**, Plaintiff demands that this Honorable Court:

(a) enter judgment that the Agreement is usurious and void;

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT    Document 14-1    Filed 06/10/21    Page 17 of 38

(b)  award money damages in the amount of Two Hundred Eighty Thousand 00/100 Dollars ($280,000.00);

(c)  enter judgment that IOU forfeit the entire interest and principal paid on the debt;

(d)  that Plaintiff be awarded twice the amount of the interest so paid, plus interest, costs, attorney fees, and an award of punitive damages; and

(e)  award to Plaintiff such other and further relief as this Court deems meet and just in the circumstances then prevailing.

## COUNT VIII
## USURY UNDER RHODE ISLAND LAW
### (Against Green Fund)

91.  Plaintiffs hereby incorporate and re-allege each preceding paragraph of this complaint as if the same were set forth in full herein.

92.  Green Fund included a New York choice of law provisions in the Agreement in an attempt to evade Rhode Island's Interest and Usury laws, §6-26-1 et seq., for Green Fund's own benefit.

93.  Green Fund included a New York choice of law provisions in the Agreement, without first advising the Company in writing of the desirability of seeking and giving it a reasonable opportunity to seek the advice of independent legal counsel on the Agreement.

94.  The New York choice of law provisions is not bona fide or enforceable because the choice of law provision is in place for the sole purpose of evading Rhode Island law.

95.  Green Fund's Agreement is a contract of adhesion; further, Green Fund unilaterally drafted choice of law and forum selection provisions to apply law from a foreign jurisdiction to proceedings in an inconvenient forum.

96.  Based on all of the foregoing, justice requires that the New York choice of law provisions in the Agreement be struck, as well as the waiver of jury trial, and Rhode Island law should apply.

17

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT   Document 14-1   Filed 06/10/21   Page 18 of 38

97. Under the Agreements, Green Fund reserved, charged, demanded, and took from the Company interest in excess of the maximum rate of interest in Rhode Island of 21% per annum, in violation of §6-26-2.

98. Green Fund willfully and knowingly violated §6-26-2, and is guilty of criminal usury, pursuant to §6-26-3, and liable to the Company under § 9-1-2, and consequently are liable for punitive damages.

<strong>WHEREFORE</strong>, Plaintiff demands that this Honorable Court:

(a) enter judgment that the Agreement is usurious and void;

(b) award money damages in the amount of One Hundred Eighty-Seven Thousand Three Hundred Seventy Five 00/100 Dollars ($187,375.00);

(c) enter judgment that Green Fund forfeit the entire interest and principal paid on the debt;

(d) that Plaintiff be awarded twice the amount of the interest so paid, plus interest, costs, attorney fees, and an award of punitive damages; and

(e) award to Plaintiff such other and further relief as this Court deems meet and just in the circumstances then prevailing.

<strong>COUNT IX</strong><br><strong><u>USURY UNDER RHODE ISLAND LAW</u></strong><br><strong><u>(Against Overnight)</u></strong>

99. Plaintiffs hereby incorporate and re-allege each preceding paragraph of this complaint as if the same were set forth in full herein.

100. Overnight included a New York choice of law provisions in the Agreement in an attempt to evade Rhode Island's Interest and Usury laws, §6-26-1 <u>et seq.</u>, for Overnight's own benefit.

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT   Document 14-1   Filed 06/10/21   Page 19 of 38

101.   Overnight included a New York choice of law provisions in the Agreement, without first advising the Company in writing of the desirability of seeking and giving it a reasonable opportunity to seek the advice of independent legal counsel on the Agreement.

102.   The New York choice of law provisions is not <u>bona fide</u> or enforceable because the choice of law provision is in place for the sole purpose of evading Rhode Island law.

103.   Overnight's Agreement is a contract of adhesion; further, Overnight unilaterally drafted choice of law and forum selection provisions to apply law from a foreign jurisdiction to proceedings in an inconvenient forum.

104.   Based on all of the foregoing, justice requires that the New York choice of law provisions in the Agreement be struck, as well as the waiver of jury trial, and Rhode Island law should apply.

105.   Under the Agreements, Overnight reserved, charged, demanded, and took from the Company interest in excess of the maximum rate of interest in Rhode Island of 21% per annum, in violation of §6-26-2.

106.   Overnight willfully and knowingly violated §6-26-2, and is guilty of criminal usury, pursuant to §6-26-3, and liable to the Company under § 9-1-2, and consequently are liable for punitive damages.

   **WHEREFORE**, Plaintiff demands that this Honorable Court:

(a) enter judgment that the Agreement is usurious and void;

(b) award money damages in the amount of Two Hundred Nine Thousand Eight Hundred Sixty 00/100 Dollars ($209,860.00);

(c) enter judgment that Overnight forfeit the entire interest and principal paid on the debt;

(d) that Plaintiff be awarded twice the amount of the interest so paid, plus interest, costs, attorney

fees, and an award of punitive damages; and

(e) award to Plaintiff such other and further relief as this Court deems meet and just in the

circumstances then prevailing.

### COUNT X
### USURY UNDER RHODE ISLAND LAW
### (Against AJ Equity)

107.   Plaintiffs hereby incorporate and re-allege each preceding paragraph of this complaint as

if the same were set forth in full herein.

108.   AJ Equity included a New York choice of law provisions in the Agreement in an attempt

to evade Rhode Island's Interest and Usury laws, §6-26-1 et seq., for AJ Equity's own benefit.

109.   AJ Equity included a New York choice of law provisions in the Agreement, without first

advising the Company in writing of the desirability of seeking and giving it a reasonable

opportunity to seek the advice of independent legal counsel on the Agreement.

110.   The New York choice of law provisions is not bona fide or enforceable because the choice

of law provision is in place for the sole purpose of evading Rhode Island law.

111.   AJ Equity's Agreement is a contract of adhesion; further, AJ Equity unilaterally drafted

choice of law and forum selection provisions to apply law from a foreign jurisdiction to

proceedings in an inconvenient forum.

112.   Based on all of the foregoing, justice requires that the New York choice of law provisions

in the Agreement be struck, as well as the waiver of jury trial, and Rhode Island law should

apply.

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT   Document 14-1   Filed 06/10/21   Page 21 of 38

113.    Under the Agreements, AJ Equity reserved, charged, demanded, and took from the

Company interest in excess of the maximum rate of interest in Rhode Island of 21% per annum,

in violation of §6-26-2.

114.    AJ Equity willfully and knowingly violated §6-26-2, and is guilty of criminal usury,

pursuant to §6-26-3, and liable to the Company under § 9-1-2, and consequently are liable for

punitive damages.

        **WHEREFORE**, Plaintiff demands that this Honorable Court:

(a) enter judgment that the Agreement is usurious and void;

(b) award money damages in the amount of Two Hundred Twenty-Four Thousand Eight Hundred

    Fifty 00/100 Dollars ($224,850.00);

(c) enter judgment that AJ Equity forfeit the entire interest and principal paid on the debt;

(d) that Plaintiff be awarded twice the amount of the interest so paid, plus interest, costs, attorney

    fees, and an award of punitive damages; and

(e) award to Plaintiff such other and further relief as this Court deems meet and just in the

    circumstances then prevailing.


## COUNT XI
## USURY UNDER RHODE ISLAND LAW
### (Against Panthers)

115.    Plaintiffs hereby incorporate and re-allege each preceding paragraph of this complaint as

if the same were set forth in full herein.

116.    Panthers included a New York choice of law provisions in the Agreement in an attempt to

evade Rhode Island's Interest and Usury laws, §6-26-1 et seq., for Panthers' own benefit.

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT    Document 14-1    Filed 06/10/21    Page 22 of 38

117.    Panthers included a New York choice of law provisions in the Agreement, without first advising the Company in writing of the desirability of seeking and giving it a reasonable opportunity to seek the advice of independent legal counsel on the Agreement.

118.    The New York choice of law provisions is not <u>bona fide</u> or enforceable because the choice of law provision is in place for the sole purpose of evading Rhode Island law.

119.    Panthers' Agreement is a contract of adhesion; further, Panthers unilaterally drafted choice of law and forum selection provisions to apply law from a foreign jurisdiction to proceedings in an inconvenient forum.

120.    Based on all of the foregoing, justice requires that the New York choice of law provisions in the Agreement be struck, as well as the waiver of jury trial, and Rhode Island law should apply.

121.    Under the Agreements, Panthers reserved, charged, demanded, and took from the Company interest in excess of the maximum rate of interest in Rhode Island of 21% per annum, in violation of §6-26-2.

122.    Panthers willfully and knowingly violated §6-26-2, and is guilty of criminal usury, pursuant to §6-26-3, and liable to the Company under § 9-1-2, and consequently are liable for punitive damages.

**WHEREFORE**, Plaintiff demands that this Honorable Court:

(a) enter judgment that the Agreement is usurious and void;

(b) award money damages in the amount of One Hundred Forty-Nine Thousand Nine Hundred 00/100 Dollars ($149,900.00);

(c) enter judgment that Panthers forfeit the entire interest and principal paid on the debt;

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT   Document 14-1   Filed 06/10/21   Page 23 of 38

(d) that Plaintiff be awarded twice the amount of the interest so paid, plus interest, costs, attorney

fees, and an award of punitive damages; and

(e) award to Plaintiff such other and further relief as this Court deems meet and just in the

circumstances then prevailing.

**COUNT XII**
**USURY UNDER RHODE ISLAND LAW**
**(Against TVT)**

123.    Plaintiffs hereby incorporate and re-allege each preceding paragraph of this complaint as

if the same were set forth in full herein.

124.    TVT included a New York choice of law provisions in the Agreement in an attempt to

evade Rhode Island's Interest and Usury laws, §6-26-1 et seq., for TVT's own benefit.

125.    TVT included a New York choice of law provisions in the Agreement, without first

advising the Company in writing of the desirability of seeking and giving it a reasonable

opportunity to seek the advice of independent legal counsel on the Agreement.

126.    The New York choice of law provisions is not bona fide or enforceable because the choice

of law provision is in place for the sole purpose of evading Rhode Island law.

127.    TVT's Agreement is a contract of adhesion; further, TVT unilaterally drafted choice of law

and forum selection provisions to apply law from a foreign jurisdiction to proceedings in an

inconvenient forum.

128.    Based on all of the foregoing, justice requires that the New York choice of law provisions

in the Agreement be struck, as well as the waiver of jury trial, and Rhode Island law should

apply.

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT   Document 14-1   Filed 06/10/21   Page 24 of 38

129.     Under the Agreements, TVT reserved, charged, demanded, and took from the Company

interest in excess of the maximum rate of interest in Rhode Island of 21% per annum, in

violation of §6-26-2.

130.     TVT willfully and knowingly violated §6-26-2, and is guilty of criminal usury, pursuant to

§6-26-3, and liable to the Company under § 9-1-2, and consequently are liable for punitive

damages.

**WHEREFORE**, Plaintiff demands that this Honorable Court:

(a) enter judgment that the Agreement is usurious and void;

(b) award money damages in the amount of Five Hundred Four Thousand 00/100 Dollars

($504,000.00);

(c) enter judgment that TVT forfeit the entire interest and principal paid on the debt;

(d) that Plaintiff be awarded twice the amount of the interest so paid, plus interest, costs, attorney

fees, and an award of punitive damages; and

(e) award to Plaintiff such other and further relief as this Court deems meet and just in the

circumstances then prevailing.

**COUNT XIII**
**<u>USURY UNDER RHODE ISLAND LAW</u>**
**<u>(Against Slate)</u>**

131.     Plaintiffs hereby incorporate and re-allege each preceding paragraph of this complaint as

if the same were set forth in full herein.

132.     Slate included a New York choice of law provisions in the Agreement in an attempt to

evade Rhode Island's Interest and Usury laws, §6-26-1 et seq., for Slates's own benefit.

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT   Document 14-1   Filed 06/10/21   Page 25 of 38

133.    Slate included a New York choice of law provisions in the Agreement, without first advising the Company in writing of the desirability of seeking and giving it a reasonable opportunity to seek the advice of independent legal counsel on the Agreement.

134.    The New York choice of law provisions is not <u>bona fide</u> or enforceable because the choice of law provision is in place for the sole purpose of evading Rhode Island law.

135.    Slate's Agreement is a contract of adhesion; further, Slate unilaterally drafted choice of law and forum selection provisions to apply law from a foreign jurisdiction to proceedings in an inconvenient forum.

136.    Based on all of the foregoing, justice requires that the New York choice of law provisions in the Agreement be struck, as well as the waiver of jury trial, and Rhode Island law should apply.

137.    Under the Agreements, Slate reserved, charged, demanded, and took from the Company interest in excess of the maximum rate of interest in Rhode Island of 21% per annum, in violation of §6-26-2.

138.    Slate willfully and knowingly violated §6-26-2, and is guilty of criminal usury, pursuant to §6-26-3, and liable to the Company under § 9-1-2, and consequently are liable for punitive damages.

**WHEREFORE**, Plaintiff demands that this Honorable Court:

(a)  enter judgment that the Agreement is usurious and void;

(b)  award money damages in the amount of Three Hundred Sixty-Two Thousand Five Hundred 00/100 Dollars ($362,500.00);

(c)  enter judgment that Slate forfeit the entire interest and principal paid on the debt;

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT    Document 14-1    Filed 06/10/21    Page 26 of 38

(d) that Plaintiff be awarded twice the amount of the interest so paid, plus interest, costs, attorney fees, and an award of punitive damages; and

(e) award to Plaintiff such other and further relief as this Court deems meet and just in the circumstances then prevailing.

## COUNT XIV
## USURY UNDER RHODE ISLAND LAW
### (Against Vox)

139. Plaintiffs hereby incorporate and re-allege each preceding paragraph of this complaint as if the same were set forth in full herein.

140. Vox included a New York choice of law provisions in the Agreement in an attempt to evade Rhode Island's Interest and Usury laws, §6-26-1 et seq., for Vox's own benefit.

141. Vox included a New York choice of law provisions in the Agreement, without first advising the Company in writing of the desirability of seeking and giving it a reasonable opportunity to seek the advice of independent legal counsel on the Agreement.

142. The New York choice of law provisions is not bona fide or enforceable because the choice of law provision is in place for the sole purpose of evading Rhode Island law.

143. Vox's Agreement is a contract of adhesion; further, Vox unilaterally drafted choice of law and forum selection provisions to apply law from a foreign jurisdiction to proceedings in an inconvenient forum.

144. Based on all of the foregoing, justice requires that the New York choice of law provisions in the Agreement be struck, as well as the waiver of jury trial, and Rhode Island law should apply.

145.    Under the Agreements, Vox reserved, charged, demanded, and took from the Company interest in excess of the maximum rate of interest in Rhode Island of 21% per annum, in violation of §6-26-2.

146.    Vox willfully and knowingly violated §6-26-2, and is guilty of criminal usury, pursuant to §6-26-3, and liable to the Company under § 9-1-2, and consequently are liable for punitive damages.

    **WHEREFORE**, Plaintiff demands that this Honorable Court:

(a)  enter judgment that the Agreement is usurious and void;

(b)  award money damages in the amount of Four Hundred Twenty Thousand 00/100 Dollars ($420,000.00);

(c)  enter judgment that Vox forfeit the entire interest and principal paid on the debt;

(d)  that Plaintiff be awarded twice the amount of the interest so paid, plus interest, costs, attorney fees, and an award of punitive damages; and

(e)  award to Plaintiff such other and further relief as this Court deems meet and just in the circumstances then prevailing.

**COUNT XV**
**USURY UNDER RHODE ISLAND LAW**
**(Against Zahav)**

147.    Plaintiffs hereby incorporate and re-allege each preceding paragraph of this complaint as if the same were set forth in full herein.

148.    Zahav included a New York choice of law provisions in the Agreement in an attempt to evade Rhode Island's Interest and Usury laws, §6-26-1 et seq., for Zahav's own benefit.

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT   Document 14-1   Filed 06/10/21   Page 28 of 38

149.   Zahav included a New York choice of law provisions in the Agreement, without first advising the Company in writing of the desirability of seeking and giving it a reasonable opportunity to seek the advice of independent legal counsel on the Agreement.

150.   The New York choice of law provisions is not <u>bona</u> <u>fide</u> or enforceable because the choice of law provision is in place for the sole purpose of evading Rhode Island law.

151.   Zahav's Agreement is a contract of adhesion; further, Zahav unilaterally drafted choice of law and forum selection provisions to apply law from a foreign jurisdiction to proceedings in an inconvenient forum.

152.   Based on all of the foregoing, justice requires that the New York choice of law provisions in the Agreement be struck, as well as the waiver of jury trial, and Rhode Island law should apply.

153.   Under the Agreements, Zahav reserved, charged, demanded, and took from the Company interest in excess of the maximum rate of interest in Rhode Island of 21% per annum, in violation of §6-26-2.

154.   Zahav willfully and knowingly violated §6-26-2, and is guilty of criminal usury, pursuant to §6-26-3, and liable to the Company under § 9-1-2, and consequently are liable for punitive damages.

**WHEREFORE**, Plaintiff demands that this Honorable Court:

(a) enter judgment that the Agreement is usurious and void;

(b) award money damages in the amount of One Hundred Seventy-Four Thousand 00/100 Dollars ($174,000.00);

(c) enter judgment that Zahav forfeit the entire interest and principal paid on the debt;

(d)  that Plaintiff be awarded twice the amount of the interest so paid, plus interest, costs, attorney

fees, and an award of punitive damages; and

(e)  award to Plaintiff such other and further relief as this Court deems meet and just in the

circumstances then prevailing.

### COUNT XVI
### USURY UNDER RHODE ISLAND LAW
### (Against PGI)

155.    Plaintiffs hereby incorporate and re-allege each preceding paragraph of this complaint as

if the same were set forth in full herein.

156.    PGI included a New York choice of law provisions in the Agreement in an attempt to evade

Rhode Island's Interest and Usury laws, §6-26-1 et seq., for PGI's own benefit.

157.    PGI included a New York choice of law provisions in the Agreement, without first advising

the Company in writing of the desirability of seeking and giving it a reasonable opportunity to

seek the advice of independent legal counsel on the Agreement.

158.    The New York choice of law provisions is not bona fide or enforceable because the choice

of law provision is in place for the sole purpose of evading Rhode Island law.

159.    PGI's Agreement is a contract of adhesion; further, PGI unilaterally drafted choice of law

and forum selection provisions to apply law from a foreign jurisdiction to proceedings in an

inconvenient forum.

160.    Based on all of the foregoing, justice requires that the New York choice of law provisions

in the Agreement be struck, as well as the waiver of jury trial, and Rhode Island law should

apply.

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

161.   Under the Agreements, PGI reserved, charged, demanded, and took from the Company interest in excess of the maximum rate of interest in Rhode Island of 21% per annum, in violation of §6-26-2.

162.   PGI willfully and knowingly violated §6-26-2, and is guilty of criminal usury, pursuant to §6-26-3, and liable to the Company under § 9-1-2, and consequently are liable for punitive damages.

      **WHEREFORE**, Plaintiff demands that this Honorable Court:

(a) enter judgment that the Agreement is usurious and void;

(b) award money damages in the amount of Two Hundred Thirteen Thousand 00/100 Dollars ($213,000.00);

(c) enter judgment that PGI forfeit the entire interest and principal paid on the debt;

(d) that Plaintiff be awarded twice the amount of the interest so paid, plus interest, costs, attorney fees, and an award of punitive damages; and

(e) award to Plaintiff such other and further relief as this Court deems meet and just in the circumstances then prevailing.

### COUNT XVII
### USURY UNDER RHODE ISLAND LAW
#### (Against Tiger)

163.   Plaintiffs hereby incorporate and re-allege each preceding paragraph of this complaint as if the same were set forth in full herein.

164.   Tiger included a New York choice of law provisions in the Agreement in an attempt to evade Rhode Island's Interest and Usury laws, §6-26-1 et seq., for Tiger's own benefit.

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT   Document 14-1   Filed 06/10/21   Page 31 of 38

165.    Tiger included a New York choice of law provisions in the Agreement, without first advising the Company in writing of the desirability of seeking and giving it a reasonable opportunity to seek the advice of independent legal counsel on the Agreement.

166.    The New York choice of law provisions is not <u>bona</u> <u>fide</u> or enforceable because the choice of law provision is in place for the sole purpose of evading Rhode Island law.

167.    Tiger's Agreement is a contract of adhesion; further, Tiger unilaterally drafted choice of law and forum selection provisions to apply law from a foreign jurisdiction to proceedings in an inconvenient forum.

168.    Based on all of the foregoing, justice requires that the New York choice of law provisions in the Agreement be struck, as well as the waiver of jury trial, and Rhode Island law should apply.

169.    Under the Agreements, Tiger reserved, charged, demanded, and took from the Company interest in excess of the maximum rate of interest in Rhode Island of 21% per annum, in violation of §6-26-2.

170.    Tiger willfully and knowingly violated §6-26-2, and is guilty of criminal usury, pursuant to §6-26-3, and liable to the Company under § 9-1-2, and consequently are liable for punitive damages.

    **WHEREFORE**, Plaintiff demands that this Honorable Court:

(a) enter judgment that the Agreement is usurious and void;

(b) award money damages in the amount of Seven Hundred Sixty-One Thousand Two Hundred 00/100 Dollars ($761,250.00);

(c) enter judgment that Tiger forfeit the entire interest and principal paid on the debt;

31

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT    Document 14-1    Filed 06/10/21    Page 32 of 38

(d) that Plaintiff be awarded twice the amount of the interest so paid, plus interest, costs, attorney fees, and an award of punitive damages; and

(e) award to Plaintiff such other and further relief as this Court deems meet and just in the circumstances then prevailing.

## COUNT XVIII
### Violation of Article 9 of UCC

171.    Plaintiffs hereby incorporate and re-allege each preceding paragraph of this complaint as if the same were set forth in full herein.

172.    As part of their attempts to pursue collection on the Agreements, the defendants filed financing statements with the Secretary of State's office.

173.    Pursuant to R.I.G.L. § 6A-9-509, the Defendants were not entitled to file financing statements against any of the assets of the Company as there was no valid agreement sufficient to support a security interest under Article 9 of the Uniform Commercial Code.

174.    Further, a usurious agreement is void ab initio and cannot be the basis for a valid UCC filing.

175.    A person that files a UCC financing statement that they are not entitled to file constitutes a violation of R.I.G.L. § 6A-9-625(e)(3).

176.    The actions of the Defendants to file illegal financing statements constitute violations of Rhode Island law entitling Turf Tech to pursue a private right of action.

**WHEREFORE**, Plaintiff demands judgment against the defendants for violations of Chapter 9 of Title 6A of the general laws along with:

(a) statutory damages, interest, attorneys fees, costs, and

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT   Document 14-1   Filed 06/10/21   Page 33 of 38

(b) pursuant to R.I.G.L. § 6A-9-625(a) an order restraining and enjoining collection activity

on the UCC filings along with a declaration of the invalidity of the financing statements in

a form recordable with the Secretary of State, and

(c) such other relief as the Court deems to be fair and appropriate.

## COUNT XIX
## QUASH OF SERVICE, AND TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

177.    Plaintiffs hereby incorporate and re-allege each preceding paragraph of this complaint as

if the same were set forth in full herein.

178.    Defendant Supreme has threatened litigation action in New York under its purported

Agreement.

179.    The pursuit of litigation in a New York state court would be without personal jurisdiction

against the Plaintiffs as they did not authorize or have knowledge of the Agreement with

Supreme.  _See e.g._ Pretterhofer v. Pretterhofer, 37 A.D.3d 446 (NYAS 2d Dept. 2007)

(family court settlement judgment context); Fidelity & Deposit Co. of Maryland v

Altman, 209 A.D.2d 195 (1st Dept., 1994); see also Burger King v. Rudzewicz, 471

U.S. 462 n.14 (1985) (requiring the consent to be "freely negotiated").

180.    Further, to force the Plaintiffs to litigate in New York would result in an impermissible

burden on the Company to sustain the costs of litigating each of the Agreements in foreign

jurisdictions.

181.    Aside from the threatened litigation in New York, the plaintiffs believe that this matter is

the first to be filed, and would ensure conservation of judicial resources in multiple

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H
Case 1:21-cv-01678-TWT   Document 14-1   Filed 06/10/21   Page 34 of 38

jurisdictions by consolidating common issues of fact and law arising from the various Agreements.

182.    Pursuant to New York's Civil Procedure Law Code an action should be dismissed pursuant to Rule 3211(a)(4) or stayed pursuant to Rules 2201 and/or 327 when there is another case filed in another court where litigation of the same issue is occurring.

183.    Further, pursuant to Rhode Island law, this Court has the authority to restrain and enjoin litigation in a foreign jurisdiction when it has exercised jurisdiction over the same claim.  See Brown v. Brown, 120 R.I. 340, 343, 387 A.2d 1051, 1053 (1978) ("As a general rule, a court which has jurisdiction over a cause of action and over the parties may issue a valid order enjoining a person from beginning or prosecuting an action in the courts of a sister state.")

184.    The plaintiffs are likely to succeed on the merits of their claim that the Agreements are void both as to the Company and as to Johnston personally.

185.    As the Agreements are void, any choice of forum or consent to personal jurisdiction clause is void.  See DeSola Group, Inc. v. Coors Brewing Co., 199 A.D.2d 141, 141 (N.Y.A.S. 1st Dept., 1993); Bank of New York v. Cheng Yu Corp., 67 A.D.2d 961, 961 (N.Y.A.S. 2nd Dept. 1979).

186.    Further, the plaintiffs would be irreparably harmed by inconvenience and threat to solvency from the pursuant of multiple suits in multiple jurisdictions over the same issue.

187.    Also, Rhode Island has a strong public policy in enforcing its usury laws both in the civil and criminal context and choice of law provisions cannot defeat the legislative intent to ensure application of Rhode Island's usury law even when a corporation is a potential debtor.

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT   Document 14-1   Filed 06/10/21   Page 35 of 38

188.  The balance of the equities as well as public policy counselling for the conservation of judicial resources calls for restraining and enjoining the litigation of other cases on the validity of the Agreements.

189.  Further, to the extent suits are filed outside of Massachusetts and/or Rhode Island, the plaintiffs are not subject to the personal jurisdiction of the courts of sister states.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

(a)  that this Honorable Court issue an order against all defendants quashing any service of process related to a lawsuit in a foreign jurisdiction related to any MCA agreement between any defendant and the plaintiffs that are parties to this suit;

(b)  That this Honorable Court enter temporary, preliminary and permanent relief enjoining and restraining the defendants, or any of them, from pursuing claims seeking to enforce any of the Agreements that are the subject of this action in any jurisdiction outside of Rhode Island; and

(c)  Such other relief as this Court deems appropriate and just for the protection of the parties.

**COUNT XX**
**RECEIVERSHIP**

190.  Plaintiffs hereby incorporate and re-allege each preceding paragraph of this complaint as if the same were set forth in full herein.

191.  This Court has jurisdiction over this action pursuant to Rule 66 of the Rhode Island Superior Court Rules of Civil Procedure, R.I. Gen. Laws § 7-6-60, et seq., R.I. Gen. Laws § 8-2-13, and this Court's general equitable powers.

192.  R.I. Gen. Laws § 7-6-60 provides, in pertinent part:

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT   Document 14-1   Filed 06/10/21   Page 36 of 38

Jurisdiction of court to liquidate assets and affairs of the corporation.

(a) The Superior court has full power to liquidate the assets and affairs of a corporation:

(1) In an action by a member or director when it is made to appear:

(i) That the directors are deadlocked in the management of the corporate affairs and that irreparable injury to the corporation is being suffered or is threatened because of the deadlock, and either that the members are unable to break the deadlock or there are no members having voting rights…

193.    Mr. Johnston is a fifty (50%) percent shareholder of the Company.

194.    Defendant McGloin is a fifty (50%) percent shareholder of the Company.

195.    Mr. Johnston and Defendant McGloin are in deadlock as to how this matter should be resolved while the usurious MCA Defendants are threatening irreparable injury to the Company in foreign jurisdictions.

196.    The irreparable injuries include, but are not limited to, contacting Company customers to direct payment to the MCA Defendants and deceiving the Company's bank into authorizing daily ACH withdrawals.

197.    This action is made in good faith for the protection of the Company's assets and for the benefit of its lawful creditors, and the appointment of a non-liquidating receiver is most desirable to protect the *status quo* of its operations.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

(a) appoint a non-liquidating receiver in accordance with R.I. Gen. Laws § 7-6-60 and in accordance with the administrative orders and protocols of this Court and its general equitable powers; and

(b) grant further relief as this Court deems meet and just in the circumstances then prevailing.

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT   Document 14-1   Filed 06/10/21   Page 37 of 38

## VERIFICATION OF COMPLAINT

Now comes Jeffery T. Johnston, and first being duly sworn makes affidavit and states as follows:

1.  That I am a Director and fifty (50%) shareholder of Turf Technologies Inc. who states under oath that I have reviewed the facts contained within the Verified Complaint and confirm that the facts are true and accurate to the best of my knowledge.

2.  That I have read the Verified Complaint and it is true to the best of my knowledge and belief except as to the matter stated to be alleged on information and belief, which I believe to be true.

_____
Jeffery T. Johnston

**STATE OF RHODE ISLAND**
**COUNTY OF PROVIDENCE**

Subscribed and sworn to before me, this 22nd day of April, 2021.

_____
NOTARY PUBLIC
Commission Expires: 3/4/2023

August Edward Bigos
Notary Public, State of Rhode Island
My Commission Expires March 4, 2023

37

Case Number: PC-2021-02806
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2021 12:21 PM
Envelope: 3066346
Reviewer: Victoria H

Case 1:21-cv-01678-TWT   Document 14-1   Filed 06/10/21   Page 38 of 38

## CERTIFICATE OF SERVICE

I, the undersigned, attorney for the Plaintiff, certify that this Verified Complaint is made in good faith for the protection of the assets of Turf Technologies, Inc. and for the benefit of lawful creditors, and that the appointment of a non-liquidating receiver is desirable to protect the *status quo*.

Respectfully Submitted,
Turf Technologies, Inc.,
By and through its Counsel:

*/s/ Richard W. Nicholson*
Richard W. Nicholson, Esq. #6245
Nicholson & Associates, LLC
9 Thurber Boulevard, Suite D
Smithfield, Rhode Island 02917
Tel: (401) 453-5055
Fax: (401) 453-5056
rich@rilawcpa.com

Respectfully Submitted,
Jeffery T. Johnston,
By and through his Counsel:

*/s/ Michael B. Forte, Jr.,*
Michael B. Forte, Jr., Esq. #7943
Lonardo & Forte, LLP
2980 West Shore Road
Warwick, RI 02886
Tel: (401) 542-4100
Fax: (401) 661-9195
mforte@alftlaw.com